[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1081

JOHN J. SHAUGHNESSY,

Plaintiff, Appellant,

v.

CITY OF LACONIA, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



John J. Shaughnessy on brief pro se. 
John T. Alexander and Ransmeier & Spellman on brief for 
appellees.



September 22, 1997


Per Curiam. In this appeal, pro se in forma 

pauperis appellant John Shaughnessy objects to the dismissal

of his civil rights action asserting a due process claim.1 1

The action was dismissed under 28 U.S.C. 1915(e)(2)(B)(ii),

which requires dismissal of an in forma pauperis complaint

"at any time" if it fails to state a claim for relief. We

affirm.

In his suit, Shaughnessy alleged that the City of

Laconia and various individual defendants denied him due

process of law by failing to review or hold a hearing on his

claim that he had not received the veterans employment

preference described in N.H. Rev. Stat. Ann. 283 and the

City's affirmative action plan when he applied for the

position of Director of Personnel and Purchasing in 1994 and

for the position of Assessing Technician in 1995.

Shaughnessy failed to state a claim for relief because he

failed to make sufficient factual allegations to show that he

had a property interest in the preference, i.e., that he was

entitled to the preference. See 2 Moore's Federal Practice  

12.34[4][a], at 12-71 (3d ed. 1997) ("Dismissal [of a

 

1While the complaint asserted other claims as well, on 1
appeal Shaugnessy has not presented developed argumentation
regarding those claims. Accordingly, we do not consider
them. See Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 
1995) ("It is settled in this circuit that issues adverted to
on appeal in a perfunctory manner, unaccompanied by some
developed argumentation, are deemed to have been abandoned.")
(quotation marks and citation omitted).

-2-

complaint] is proper if the complaint lacks an allegation

regarding an element necessary to obtain relief."). First,

he did not allege that he had furnished the City proof of his

entitlement to the veterans preference at the time he applied

for employment, as required by N.H. Rev. Stat. Ann. 283:7.

That provision states, "Veterans, in order to be entitled to

preference under this subdivision, shall furnish proof of

such entitlement to the hiring authority . . . when applying

for employment." Second, he did not allege that he had

requested the preference on his employment application, as

required by the City's affirmative action plan.

Affirmed. 

-3-